**CARDEN LIVESAY LTD**
ATTORNEYS AT LAW

Joshua W. Carden, SBN 021698
419 East Juanita Avenue, Suite 103
Mesa, AZ 85204
joshua@cardenlivesay.com
T. (480) 345-9500
F. (480) 345-6559
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Holly Harrington,<br><br>      Plaintiff,<br>v.<br><br>AZ Ice Gilbert, LLC, James Curley, and Robert Platt,<br><br>      Defendants. | **ORIGINAL COMPLAINT**<br><br>**EPA COLLECTIVE ACTION**<br><br>**(JURY TRIAL REQUESTED)** |

  Plaintiff Holly Harrington, hereby seeks relief under the Equal Pay Act, Title VII, and ACRA as follows:

## PARTIES

  1. Plaintiff Holly Harrington was at all relevant times herein a resident of Maricopa County, Arizona, and an "employee" within the meaning and purposes of all relevant statutes at all times material to this action.

  2. Defendant AZ Ice Gilbert, LLC ("AZ Ice") is an Arizona limited liability company, at all relevant times conducting its business in Maricopa County, Arizona.

  3. Defendant Robert Platt is a resident of Maricopa County. This Defendant enjoyed day-to-day supervisory and economic control over Plaintiff's employment to the degree where he may individually be deemed Plaintiff's employer at all times relevant herein.

  4. Defendant James Curley is a resident of Maricopa County. This Defendant enjoyed day-to-day supervisory and economic control over Plaintiff's employment to the degree where he



may individually be deemed Plaintiff's employer at all times relevant herein.

5. Upon information and belief, the Defendants are affiliated directly with one or more jointly-owned and/or jointly-operated corporate entities (including but not limited to AZ Ice Peoria, LLC, Arcadia Ice, LLC, and AZ Ice, LLC) to the degree that their employee numbers should be aggregated together under a "common enterprise" or "joint employer" theory for purposes of calculating potential compensatory and/or punitive damages. The named defendants shall jointly be referred to herein as "AZ Ice"

6. Defendants AZ Ice, Curley, and Platt were "employers" of Plaintiff within the meaning and purposes of all relevant statutes at all times material to this action.

7. Upon information and belief, AZ Ice employs more than 15 people.

8. At all times pertinent to this Complaint, AZ Ice's managerial employees were acting within the course and scope of their employment with AZ Ice; and as a result thereof, AZ Ice is responsible and liability is imputed for the acts and omissions of their managerial employees, as alleged herein, under the principles of *respondent superior*, agency, and/or other applicable law.

9. All acts alleged in this Complaint occurred in Navajo County, Arizona.

## JURISDICTION AND VENUE

10. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 & 1343.

11. The unlawful employment practices described herein were committed within the State of Arizona, Navajo County, where Defendants employed Plaintiff.

12. Accordingly, venue in this Court is proper pursuant to 42 U.S.C. § 2000e-5(f)(3).

## ALLEGATIONS COMMON TO ALL CLAIMS

13. AZ Ice operates community ice rinks at multiple sites in Maricopa County, Arizona.

14. AZ Ice employed Plaintiff beginning 2016 as a Figure Skating Coach, Hockey Coach, and a Lead Power Skating Instructor.

15. During 2019, Plaintiff was promoted to Skating Director.

16. In that capacity, she oversaw approximately 14 figure skating coaches and 10 junior coaches.

17. In 2021, AZ Ice promoted Robert Platt to the position of General Manager and



Hockey Director.

18. Defendant James Curley's job title is unknown but he held a higher position within the organization than Robert Platt.

19. Plaintiff had long been subjected to gender-based negative comments from male employees (such as commentary on her being a female hockey coach).

20. Plaintiff's management decisions were also criticized and questioned significantly more often than male colleagues.

21. Defendants (specifically Robert Platt) only allowed male guest hockey coaches to use the facilities and denied a female guest hockey coach (a former Olympian) the ability to use the facilities for pretextual reasons.

22. In April 2022, Defendants (specifically Robert Platt and James Curley) announced that it was going to allow a male coach back into the building who had previously been excluded for inappropriate conduct around the children.

23. Despite the express safety concerns of Plaintiff and several other female staff members, the all-male management team overrode their concerns and made the decision to allow him back into the building.

24. Plaintiff also learned during her employment that she was compensated at a rate of pay lower than her male colleagues.

25. Plaintiff also learned that other female staff were paid lower than their male counterparts.

26. Plaintiff also contends that females were given remedial and non-promotional positions, while male employees were given opportunities to promote within the company.

27. On June 30, 2022, Defendants Robert Platt and James Curley terminated Plaintiff.

28. Upon information and belief, Defendants replaced Plaintiff with a male employee.

29. Upon information and belief, Defendants pay Plaintiff's male replacement more than she was paid for comparable duties.

30. Plaintiff's pay was inequitable for every paycheck she received from Defendant throughout her employment.



31. Upon information and belief, Defendants established no written criteria to evaluate employees' starting pay, promotions, or pay increases.

32. Upon information and belief, Defendants paid women and men unequally for similar work.

**Administrative Remedies**

33. Plaintiff timely dual-filed and then amended her charge of discrimination with the Arizona Attorney General Civil Rights Division and the EEOC. True and correct copies of her charges are attached hereto as Exhibit A.

34. The Civil Rights Division has issued its Right to Sue letter. A true and correct copy of that Letter is attached hereto as Exhibit B.

35. The EEOC has not yet issued its Notice of Suit Rights; this complaint will be amended to add it upon receipt.

36. Plaintiff has retained the attorneys of Carden Livesay, Ltd. to represent her in this litigation and has agreed to pay reasonable attorney's fees for services rendered in the prosecution of this action on her behalf.

37. All conditions precedent to the filing of this lawsuit have occurred or been satisfied.

**COUNT ONE - SEX-BASED PAY DISCRIMINATION
IN VIOLATION OF THE EQUAL PAY ACT**

38. Plaintiff hereby re-alleges and incorporates the preceding paragraphs of this complaint.

39. Defendants employed Plaintiff, other similarly-situated women employees, and multiple male employee in jobs requiring equal skill, effort, and responsibility.

40. Plaintiff, the other similarly situated women employees, and the male employee performed their jobs under similar working conditions.

41. Plaintiff and the similarly-situated other women employees were paid a lower wage than male co-workers and/or similarly situated male co-workers performing substantially similar work.

42. The differential in pay between male and female employees was not due to a bona



fide seniority system, a bona fide merit system, or a bona fide system that measures employee earnings by quantity or quality of work, nor was the difference in pay a result of a factor other than sex.

43. Defendants willfully and without good faith caused, contributed to, or caused the continuation of wage rate discrimination based on sex, in violation of the Equal Pay Act.

44. As a direct, legal and proximate result of the discrimination, Plaintiff and the other similarly-situated women employees have sustained, and will continue to sustain, economic damages to be proven at trial.

45. Plaintiff seeks via collective action all injunctive, declaratory, and monetary relief available for equal pay violations at trial, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT TWO - RETALIATION UNDER 29 U.S.C. § 215(A)(3)

46. Plaintiff hereby re-alleges and incorporates the preceding paragraphs of this complaint.

47. Through her protected activity, Plaintiff has advised Defendants of their unlawful and discriminatory practices based on sex.

48. As a result of Plaintiff's complaints, Defendants took materially adverse actions against Plaintiff, including her termination.

49. Defendants' adverse actions constituted retaliatory workplace harassment.

50. Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under 29 U.S.C. § 215(a)(3).

51. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial.

52. Plaintiff seeks all injunctive, declaratory, and monetary relief available for equal pay violations at trial, including liquidated damages for all willful violations, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b).



### COUNT THREE - TITLE VII SEX-BASED DISCRIMINATION
### (AZ ICE ONLY)

53. Plaintiff hereby re-alleges and incorporates the preceding paragraphs of this complaint.

54. Plaintiff is a member of a protected group: female.

55. Defendant AZ Ice has violated Title VII by engaging in direct discrimination and disparate treatment of Plaintiff because of her sex, including by paying her less than comparable male employees and in the terms and conditions of her employment.

56. Defendant AZ Ice has engaged in a pattern and practice of disparate treatment towards women.

57. The disparate treatment was un-welcomed by the Plaintiff.

58. As a result of the foregoing, Defendant is liable to Plaintiff for violation of Title VII.

59. Defendant's acts of discrimination in this regard were unlawful and intentional.

60. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of severe emotional distress, embarrassment, humiliation, loss of reputation, and loss of self-esteem.

61. Plaintiff suffered and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices until this Court grants relief.

62. Furthermore, Defendant's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages.

### COUNT FOUR – ACRA DISCRIMINATION
### (AZ ICE ONLY)

63. Plaintiff hereby re-alleges and incorporates the preceding paragraphs of this complaint.

64. Plaintiff is a member of a protected group: female.

65. Defendant AZ Ice has violated the Arizona Civil Rights Act by engaging in direct discrimination and disparate treatment of Plaintiff because of her sex, including by paying her less than comparable male employees and in the terms and conditions of her employment.



66. The disparate treatment was un-welcomed by the Plaintiff.

67. As a result of the foregoing, Defendant is liable to Plaintiff for violation of ACRA, A.R.S. § 41-1463.

68. Defendant's acts of discrimination in this regard were unlawful and intentional.

69. As a direct and proximate result of Defendant's conduct, Plaintiff has lost wages.

70. Plaintiff suffered and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices until this Court grants relief.

## JURY TRIAL DEMANDED

71. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants as follows:

A. Certifying a collective action under 29 U.S.C.A. § 216(b) for Plaintiff and all women similarly situated that have been affected by the actions of Defendants;

B. Declaring that the Defendants' acts, practices, and policies complained of herein are in violation of federal and/or state law;

C. Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment or employment opportunities, including but not limited to the required implementation and enforcement of policies, practices and programs that provide equal employment opportunities for employees with sincerely-held religious beliefs, and that eradicate the effects of its present unlawful employment practices; remedial and additional training to its management, supervisors, human resources personnel, and employees regarding religion-based discrimination in the workplace and unlawful retaliation, including but not limited to accommodation of sincerely-held religious beliefs;

D. Directing Defendants to place Plaintiff and all participants in the collective action in the position they would have occupied but for Defendants' unlawful actions, and make them whole for all earnings she would have received, including, but not limited to, back pay, front



pay, pension, and other lost benefits;

E. Awarding Plaintiff compensatory and punitive damages in an amount to be determined by the jury;

F. Awarding Plaintiff and all participants in the collective action liquidated damages of not less than the amount awarded in economic damages under the Equal Pay Act.

G. Awarding Plaintiff pre- and post-judgment interest, the costs of this action, and reasonable attorneys' fees as provided by the statutes providing the causes of action cited herein; and

H. Granting such other and further relief, including equitable relief authorized by the cited statutes, as this Court deems necessary and proper.

Respectfully submitted on this 7th day of December, 2023,

CARDEN LIVESAY, LTD.

By: s/Joshua W. Carden
Joshua W. Carden
*Attorneys for Plaintiff*



## CONSENT TO BECOME A PARTY

I, Holly Harrington, hereby give my consent in writing to become a party to the collective action certified by the Court in this matter pursuant to 29 U.S.C. § 216(b).

Dated: 12/5/23

_____
Holly Harrington

