1  **WO**

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9  Holly Harrington,                        No. CV-23-02529-PHX-JJT

10              Plaintiff,                   **ORDER**

11  v.

12  AZ Ice Gilbert LLC, *et al.*,

13              Defendants.

14

15         At issue is Defendants' Motion for Judgment on the Pleadings Regarding the

16  Collective Allegations in Plaintiff's Complaint (Doc. 30, Motion), to which Plaintiff has

17  filed a Response (Doc. 33, Response) and Defendants have filed a Reply (Doc. 37, Reply).

18  Defendants seek dismissal with prejudice of the as-of-yet unidentified collective members,

19  but Defendants do not challenge the sufficiency of the pleadings with respect to Plaintiff's

20  claims brought on her own behalf. The Court finds this matter appropriate for resolution

21  without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court grants

22  Defendants' Motion in part.

23  **I.     Background**

24         Plaintiff initiated this action in federal court on December 7, 2023. (Doc. 1,

25  Complaint.) Her Complaint states several claims for workplace gender discrimination and

26  retaliation under both state and federal law. (*Id.* at 4–7.) The relevant allegations are as

27  follows. Plaintiff worked for Defendants' ice-skating facilities from 2016 to 2022.

28  (*Id.* ¶¶ 14–16, 27.) She began in 2016 as a figure skating coach, hockey coach, and lead

1    power skating instructor, and in 2019 she was promoted to skating director. (*Id.*) As skating

2    director, Plaintiff supervised fourteen figure skating coaches and ten junior coaches. (*Id.*)

3    Throughout Plaintiff's employment, she was subjected to negative gender-based

4    commentary by her male colleagues in general and by two of her managers in particular,

5    both named defendants in this case. (*Id.* ¶¶ 17–23.) According to the Complaint, many of

6    these managers' workplace decisions were motivated by arbitrary gender animus, such as

7    their prioritization of male guest coaches over female guest coaches. (*Id.*) Plaintiff also

8    claims to have been "compensated at a rate of pay lower than her male colleagues."

9    (*Id.* ¶ 24.) Moreover, "Plaintiff also learned that other female staff were paid lower than

10   their male counterparts," and both she and her female colleagues were less likely to be

11   promoted than Defendants' male employees. (*Id.* ¶¶ 25–26.)

12            Plaintiff brought suit under the Equal Pay Act, Title VII, and the Arizona Civil

13   Rights Act, but only her claim under the Equal Pay Act is at issue here. That claim, unlike

14   her other claims, is presented as a collective action whereby Plaintiff seeks recovery both

15   on her own behalf and on behalf of a collective comprised of "all women similarly situated

16   that have been affected by the actions of Defendants." (*Id.* ¶¶ 45, 71(A), 71(F).)

17            Of particular importance to the instant Motion is the extent to which the Complaint

18   describes these "other female[s]" that Plaintiff alleges faced gender-based discrimination

19   at the hands of Defendants. The Complaint asserts virtually nothing about these women

20   beyond the facts that they exist and that they experienced mistreatment sufficient to state a

21   claim under the Equal Pay Act. Plaintiff claims that: "Defendants employed Plaintiff, other

22   similarly-situated women employees, and multiple male employee in jobs requiring equal

23   skill, effort, and responsibility," (*id.* ¶ 39); "Plaintiff, the other similarly situated women

24   employees, and the male employee performed their jobs under similar working conditions,"

25   (*id.* ¶ 40); and "Plaintiff and the similarly-situated other women employees were paid a

26   lower wage than male co-workers and/or similarly situated male co-workers performing

27   substantially similar work," (*id.* ¶ 41). However, Plaintiff does not offer any averments

28

1  regarding who these other women are, what their jobs entailed, what their working

2  conditions were, or what their pay was.

3      Defendants have moved for judgment on the pleadings under Federal Rule of Civil

4  Procedure 12(c) with respect to the Complaint's collective claims, but Defendants have not

5  challenged the sufficiency of Plaintiff's personal claims. (Motion at 1.)

6  **II.    Legal Standard**

7      Rule 12(c) permits a party to move for judgment on the pleadings "[a]fter the

8  pleadings are closed—but early enough not to delay trial." A Rule 12(c) motion is

9  functionally identical to a Rule 12(b) motion to dismiss for failure to state a claim, and the

10  same legal standard applies to both motions. *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d

11  1188, 1192 (9th Cir. 1989). Specifically, a complaint must include "only 'a short and plain

12  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

13  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl.*

14  *Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

15  (1957)); *see also* Fed. R. Civ. P. 8(a). A dismissal for failure to state a claim can be based on

16  either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable

17  legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a

18  complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a

19  plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

20  than labels and conclusions, and a formulaic recitation of the elements of a cause of action

21  will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The complaint must thus

22  contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

23  on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S.

24  at 570).

25  **III.    Discussion**

26      **A.    Dismissal**

27      Plaintiff's collective allegations are insufficient to state a collective claim under the

28  Equal Pay Act. The Complaint's collective allegations constitute nothing more than a

1    formulaic recitation of the elements of a cause of action, which under Supreme Court

2    precedent is not enough to withstand a motion to dismiss. *See Iqbal*, 556 U.S. at 678.

3         A collective action is a statutory mechanism created by 29 U.S.C. § 216(b), but the

4    text governing the operation of collective actions is "spare." *Campbell v. City of Los Angeles*,

5    903 F.3d 1090, 1100 (9th Cir. 2018). The primary requirement of a collective action is that

6    the members of the putative collective be "similarly situated." *Id.* at 1111. The purpose of a

7    collective action is to permit similarly situated plaintiffs to proceed under a single complaint

8    and to permit additional similarly situated plaintiffs to join an existing action by filing an

9    opt-in form with the district court. *See id.* at 1101–02. Normally, the analysis of whether

10   members of a putative collective are similarly situated is triggered by a motion for

11   preliminary certification by the plaintiff. *See id.* In this case, however, Plaintiff has not filed

12   any motions. Instead, Defendants have moved for judgment on the pleadings as to Plaintiff's

13   collective allegations. Although Defendants' Motion, which is akin to a motion to dismiss,

14   has much in common with a motion for decertification, the certification/decertification

15   analysis is meaningfully different from the dismissal analysis.

16        A motion to dismiss collective action elements of an FLSA action and a
     motion for conditional certification are different for several reasons in addition

17   to the identity of the party filing the motion. This motion to dismiss does not,
     in the Court's opinion, simply end-run the certification process by trying

18   certification on the face of the complaint. To survive a motion to dismiss, a
     plaintiff must give the defendant fair notice of the putative class. No evidence

19   is required. The plaintiff's reward for surviving a motion to dismiss is

20   discovery. Moreover, counsel may have some incentive to keep the claims
     unspecific to achieve the largest possible class; the motion to dismiss is a

21   defendant's shield against this danger. On the other hand, to be granted

22   conditional certification, a plaintiff must produce evidence which allows the
     Court to conclude that a reasonable basis exists for finding that there are other

23   similarly situated employees who wish to opt-in to the action. Successful

24   evidence may include detailed allegations supported by affidavits which
     successfully engage defendants' affidavits to the contrary. The plaintiff's

25   reward for conditional certification is the opportunity to send notice of the

26   action to putative class members. Generally, whether a suit can be maintained
     as a collective action under the FLSA is determined not on a 12(b)(6) motion,

27   but rather on a motion to conditionally certify a collective action. Nevertheless,

28   where a complaint fails to sufficiently allege the attributes of the similarly

1
2

situated employees, the collective action claim may be dismissed at the pleading stage.

3    *Dyer v. Lara's Trucks, Inc.*, No. 1:12-CV-1785-TWT, 2013 WL 609307, at *3 (N.D. Ga.

4    Feb. 19, 2013) (internal citations and quotation marks omitted); *see also See Longnecker v.*

5    *Am. Exp. Co.*, No. 2:14-CV-0069-HRH, 2014 WL 1577522, at *2 (D. Ariz. Apr. 21, 2014)

6    ("[I]t is appropriate to test the sufficiency of plaintiffs' collective action allegations in the

7    context of the instant motion to dismiss."). Although Defendants' Motion is distinct from a

8    decertification motion in terms of the quanta of evidence involved, the two motions have

9    similar effects if granted. A dismissal of Plaintiff's collective allegations, like a

10   decertification order, would sever Plaintiff's claims from those of the as-of-yet unidentified

11   members of the putative collective. *See Campbell*, 903 F.3d at 1109. The viability of the

12   claims held by the as-of-yet unidentified collective members is not at issue here. All that is

13   at issue is whether there exists a basis to permit this lawsuit to continue as a collective action,

14   as opposed to separate suits.

15          Plaintiff contends that Defendants' Motion is procedurally suspect because it was

16   filed "midway through the discovery phase of a case (and with no Rule 12(b)(6) motion filed

17   by the original deadline for a responsive pleading)."[1] (Response at 2.) Plaintiff's argument

18   is unavailing. Rule 12(h)(2) makes clear that a defendant does not waive the defense of

19   failure to state a claim by not asserting it in an answer, and Rule 12(h)(2)(C) provides that a

20   motion under Rule 12(c) is an appropriate vehicle by which to assert the defense after filing

21   an answer. Therefore, there is nothing procedurally amiss with Defendants' Motion as far as

22   the Federal Rules of Civil Procedure are concerned. Moreover, it is somewhat disingenuous

23   for Plaintiff to attack the timing of Defendants' Motion. Plaintiff was supposed to have

24   filed a motion for preliminary certification by June 28, 2024, but plaintiff's counsel became

25   unexpectedly busy and was unable to meet that self-imposed deadline. (Response at 3–4.)

26   Defendants likely expected to present their arguments in an objection to certification, but

27

28

---

[1] Although discovery is technically open, virtually no discovery has yet occurred.

1    because no motion from Plaintiff was forthcoming, Defendants filed the instant Motion.

2    Defendants' Motion is proper, and the Court will now turn to its merits.

3          The Ninth Circuit has considered in great detail what it means for plaintiffs in a

4    collective action to be similarly situated within the meaning of § 216(b). *Id.* at 1114–17. The

5    long and short of it is that "a collective can only be maintained [] to the extent party plaintiffs

6    are alike in ways that matter to the disposition of their FLSA claims." *Id.* at 1114. The Court

7    need not grapple with the nuances of the Ninth Circuit's caselaw on this issue because

8    Plaintiff has not pled any facts about her putative co-plaintiffs. In the absence of any

9    substantive allegations beyond bare recitations of the Equal Pay Act's cause of action,

10   Plaintiff has failed to make a *prima facie* showing that her collective action involves

11   plaintiffs who are similarly situated. *See Zhong v. Aug. Aug. Corp.*, 498 F. Supp. 2d 625, 631

12   (S.D.N.Y. 2007) ("In fact, Zhong neither generally nor specifically names or references any

13   other plaintiffs. Thus, Zhong has not offered August sufficient notice of this aspect of his

14   claim, or factual basis from which the Court can determine whether similarly situated

15   plaintiffs do exist."); *Kemp v. Target Corp.*, No. 1:12-CV-3858-VEH, 2013 WL 5289799,

16   at *3 (N.D. Ala. Sept. 18, 2013) ("The allegations that the putative class members are

17   'similarly situated female employees who work as Team Leads' and 'all other female Team

18   Leaders' who perform work requiring 'equal skill, effort, and responsibility' 'under similar

19   working conditions' as male employees, are exactly the type of formulaic recitation of the

20   elements of a cause of action which *Iqbal* states will not do." (internal quotation marks and

21   citation omitted)).

22         Plaintiff argues that her collective allegations withstand dismissal because she "has

23   pled that she was the Skating Director, and that as such she oversaw 14 figure skating coaches

24   and 10 junior coaches." (Response at 3.) This allegation is unavailing to her collective action,

25   however, because she never clearly states that these fourteen figure skating coaches and ten

26   junior coaches are the similarly situated co-plaintiffs contemplated in her Complaint.

27   Without an explanation as to what Plaintiff is specifically alleging, it would seem that she

28   was *not* similarly situated to her underlings, as a supervisor's job duties, working conditions,

1    and terms of pay would presumably be materially different from those of her supervisees.

2    Moreover, if Plaintiff's immediate subordinates were the women with whom she was

3    similarly situated, one would expect the Complaint to simply name those women if they

4    wanted to join this action, as those women are not unknown entities to Plaintiff. It is unclear

5    why the Complaint is so sparse on details, but courts have noted that vagueness can be a

6    strategic choice to permit the post-hoc formation of the largest possible collective. *See Pruell*

7    *v. Caritas Christi*, 678 F.3d 10, 14 (1st Cir. 2012). Whatever the reason for the Complaint's

8    shortcomings, dismissal is appropriate.

9                    **B.    Consequences of Dismissal**

10    "Courts have discretion in appropriate cases to grant a Rule 12(c) motion with leave

11    to amend, or to simply grant dismissal of the action instead of entry of judgment." *Special*

12    *Dist. Risk Mgmt. Auth. v. Munich Reinsurance Am., Inc.*, 562 F. Supp. 3d 989, 994 (E.D.

13    Cal. 2021). "[A] district court should grant leave to amend even if no request to amend the

14    pleading was made, unless it determines that the pleading could not possibly be cured by

15    the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting

16    *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

17    Defendants have requested that the Court grant their Motion "with prejudice." (Reply

18    at 8.) The role that "prejudice" plays in a targeted dismissal of collective allegations is

19    distinct from the function of prejudice in an ordinary dismissal order. In the context presented

20    here, a dismissal with prejudice would conclusively sever Plaintiff's claim from those of the

21    members of the putative collective. *See Campbell*, 903 F.3d at 1109. Although no individual

22    complainant's claims would be dismissed, Plaintiff and her nominal co-plaintiffs would be

23    precluded from attempting to litigate against Defendants in a common action. Defendants

24    argue that dismissal with prejudice is appropriate because any attempt at amendment by

25    Plaintiff would be futile. And Plaintiff concedes that she currently possesses insufficient facts

26    upon which to file a motion for preliminary certification. "[U]ntil some actual information

27    is obtained from Defendants through disclosures, depositions, and written discovery,

28    [Plaintiff's counsel] believes there is not yet enough information to definitively establish a

1    right to a collective action, and that it would be a waste of judicial resources to seek such

2    preliminary certification without that information." (Response at 5.) Thus, the dispute here

3    is not whether there are facts that could possibly cure the defects in the Complaint. Such facts

4    obviously could exist. The real dispute is whether Plaintiff should be allowed to wield the

5    tools of discovery to uncover those facts.

6         When a complaint is defective under the relevant pleading standards, the plaintiff is

7    generally "not entitled to discovery, cabined or otherwise." *Iqbal*, 556 U.S. at 686. The Ninth

8    Circuit has previously addressed a scenario analogous to that presented here.

9
         Plaintiffs' experienced and knowledgeable counsel candidly represented to the
10       court at oral argument [] that he could not say that Plaintiffs would be able to
         amend their complaint to allege acts by the Defendants in the United States
11       with the specificity required by *Iqbal*, absent discovery. The Supreme Court
         has stated, however, that plaintiffs must satisfy the pleading requirements of
12       Rule 8 *before* the discovery stage, not after it. *See Iqbal*, 556 U.S. at 678–79
         (explaining that Rule 8 "does not unlock the doors of discovery for a plaintiff
13       armed with nothing more than conclusions"). We think it clear that no
         amendment to the complaint at *this* stage of the litigation—i.e., prior to
14       discovery—could add "sufficient factual matter" related to domestic conduct
15       to enable the complaint to survive a motion to dismiss, and we therefore
         decline to remand this case for amendment of the complaint.
16

17

18   *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014). Moreover, in the specific context

19   of collective actions arising under the Equal Pay Act, discovery is the "reward" for surviving

20   a motion to dismiss, not the means by which such survival is possible. *Dyer*, 2013 WL

21   609307, at \*3. Plaintiff argues that discovery should be permitted in this case because

22   Defendant is a local skating rink, not a fortune 500 company, so discovery would not be very

23   expensive. (Response at 1, 5–6.) But discovery is not permitted simply because it might be

24   cheap. In *Iqbal*, the Supreme Court rejected exactly that proposition. 556 U.S. at 686

25   (denying "minimally intrusive discovery" with respect to a deficient complaint). Plaintiff

26   seeks to use discovery for a fishing expedition in order to identify, not to vindicate, potential

27   new claims held by potential new plaintiffs. That is not a valid use of discovery. *See Webb*

28   *v. Trader Joe's Co.*, 999 F.3d 1196, 1204 (9th Cir. 2021).

In sum, defendants argue that (1) Plaintiff's collective allegations are insufficient to withstand Defendants' Motion, (2) Plaintiff concedes that she is currently unable to remedy the Complaint's shortcomings without the use of discovery, and (3) such discovery is inappropriate. (Reply at 7–8.) Although the Court agrees with the first and third propositions, the second proposition is not true. Plaintiff concedes that she lacks the requisite facts to file a motion for preliminary certification, *not* that she lacks the requisite facts to state a collective claim upon which relief can be granted. (Response at 5–6 ("However, without more factual information than Plaintiff currently possesses [], [Plaintiff's counsel] remains unwilling and unable to file and expend the Court's valuable time on a preliminary certification motion.").) As explained above, that distinction is important. A motion for preliminary certification requires evidence, but a viable complaint only requires baseline plausibility. Therefore, dismissal with prejudice is inappropriate. The Court cannot say that the Complaint could not *possibly* be cured by the allegation of other facts. *See Lopez v. Smith*, 203 F.3d at 1127. In particular, Plaintiff implies, but does not state, that at least some of the twenty-four coaches who worked under her are the similarly situated women contemplated in the Complaint. (Response at 5–6.) The Court cannot determine at this juncture whether those individuals were similarly situated, if that is in fact what Plaintiff meant to allege. Plaintiff is entitled to amend her Complaint to plead a viable collective claim, but Plaintiff may not use the tools of discovery to formulate that amendment. Plaintiff is correct to note that dismissal and amendment might vitiate the timeline set out in the Court's scheduling order, but any delay is due in large part to Plaintiff's own failure to file a certification motion by June 28 as promised. Nevertheless, the Court will stay discovery to permit Plaintiff to file an amended complaint. If Plaintiff declines to file an amended pleading, or if Defendants decline to challenge the sufficiency of that pleading, then the current discovery timeline may remain operable. But that is a bridge that need not be crossed now.

**IT IS THEREFORE ORDERED** granting in part and denying in part Defendants' Motion for Judgment on the Pleadings Regarding the Collective Allegations in Plaintiff's Complaint. (Doc. 30.)

1    **IT IS FURTHER ORDERED** dismissing without prejudice the collective claims

2  in the Complaint. (Doc. 1.) Plaintiff shall have fourteen (14) days from the date of this

3  order to file a First Amended Complaint.

4    **IT IS FURTHER ORDERED** staying discovery. If Plaintiff fails to file a First

5  Amended Complaint within fourteen (14) days from the date of this order, the stay shall

6  automatically expire at the conclusion of the fourteenth day. If Plaintiff elects to file a First

7  Amended Complaint, Defendants shall have twenty-one (21) days from the filing date of

8  the First Amended Complaint to file a motion under Rule 12(b). If Defendants fail to file

9  such a motion, the stay shall automatically expire at the conclusion of the twenty-first day.

10  Otherwise, the stay shall remain operative until lifted by the Court.

11    Dated this 1st day of November, 2024.

12

13  Honorable John J. Tuchi
    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28